184 S.W.3d 416 (2006)
In the Interest of M.M.
No. 05-05-00796-CV.
Court of Appeals of Texas, Dallas.
February 22, 2006.
*417 Lori Ashmore Peters, Deborah Farris, Dallas, for appellant.
Melanie Barton, Dallas, for appellee.
Before Justices WHITTINGTON, WRIGHT, and FITZGERALD.

OPINION
Opinion by Justice WRIGHT.
In a single point of error, M.M. contends the evidence is factually insufficient to support his court-ordered commitment to Green Oaks Behavioral Hospital for a period not to exceed ninety days. After reviewing the record under the appropriate standard, we overrule M.M.'s sole issue and affirm the trial court's judgment.
A trial court may order temporary inpatient mental health services if it finds by clear and convincing evidence that the patient is mentally ill and that at least one of three criteria set forth in the mental health statute results from that mental illness. See TEX. HEALTH & SAFETY CODE ANN. § 574.034(a) (Vernon 2003). After a hearing, the trial court found the evidence was clear and convincing that M.M. was mentally ill, was likely to cause serious harm to himself or others, and that he suffered severe mental, emotional, or physical distress, deterioration in his ability to function independently, and was unable to make a rational and informed decision about treatment. Thus, the trial court found each of the three criteria set forth in the mental health statute and ordered M.M. to be committed to Green Oaks for a period not to exceed ninety days.
To be clear and convincing under the statute, the evidence must include expert testimony and, unless waived, evidence of a recent overt act or a continuing pattern of behavior that tends to confirm either (1) the likelihood of serious harm to the proposed patient or others, or (2) the proposed patient's distress and the deterioration of the proposed patient's ability to function. Id. § 574.034(d). Clear and convincing evidence is "that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." State v. Addington, 588 S.W.2d 569, 570 (Tex.1979) (per curiam).
Because the State's burden of proof is clear and convincing evidence, we *418 apply a heightened standard of review. See In re C.H., 89 S.W.3d 17, 25 (Tex. 2002). We must determine whether the evidence is such that a fact finder could reasonably form a firm belief or conviction about the truth of the State's allegations. See In re J.F.C., 96 S.W.3d 256, 265-66 (Tex.2002); In re C.H., 89 S.W.3d at 25. When reviewing factual sufficiency, we must give due consideration to evidence that the fact finder could reasonably have found to be clear and convincing and then determine whether, based on the entire record, a fact finder could reasonably form a firm conviction or belief that the allegations in the petition were proven. In re J.F.C., 96 S.W.3d at 266.
At the hearing, James Grant Shupe testified he is a psychiatrist and had an opportunity to examine M.M. Shupe diagnosed M.M. with schizoeffective disorder, a mental illness. M.M.'s history of mental illness dates back over ten years. In Shupe's opinion, as a result of that illness, M.M. is likely to cause serious harm to himself or others, is suffering severe and abnormal mental, emotional or physical distress, is deteriorating in his ability to function independently and is unable to make a rational and informed decision about whether to submit to treatment.
Shupe believed M.M. is a danger to himself because he cannot provide food or shelter for himself and has become very paranoid. Due to his mental illness and paranoia, M.M. provokes others thereby putting himself in danger. M.M.'s paranoia also led Shupe to believe M.M. is a danger to others. When the police found M.M., he had four knives and he is "fascinated with weapons, is very angry and paranoid. At this point, just the way he looks at you makes you nervous ... about what he would do." Before being admitted to the hospital, M.M. lived with his sister and her three children. M.M. told his fourteen-year-old niece that "what happened at Wichita Falls could happen to her." M.M. now refuses to discuss this statement, so Shupe does not know exactly what M.M. meant. However, M.M.'s niece perceived the statement as threatening. A therapist who sees another of M.M.'s nieces in the home is likewise afraid of M.M. because he is so "angry and the way he paces, checking things." M.M. is currently refusing medication because he believes it will infect him with tuberculosis.
M.M.'s mother testified that M.M.'s behavior has been getting progressively worse over the last few weeks. According to mother, until he stopped taking his medication several months before, M.M. was doing "wonderfully" and was a "very nice, passive person." Since that time, he has changed. Recently, M.M. has changed "very significantly." He has lost a lot of weight from the constant walking and pacing. And, according to mother, M.M. threatened his niece and was very aggressive towards mother a few days before trial. M.M. was yelling at her and told the nurses not to let her in the building. Although she has seen M.M. mentally ill before, this time he is "more aggressive, he's angrier and a little scarier."
M.M. testified he is not mentally ill and does not need medication. His testimony, however, indicates he was suffering from paranoid delusions. For example, rather than directly answering questions that were put to him, he often failed to respond and indicated that people were "constantly pestering him." He explained that he often carried several knives because "[p]eople do constantly pester me, pester me, pester me. They hear rumors, want to confirm them." According to M.M., the rumors concerned things such as his "celebrity status" and that in Wichita Falls the "United States Government starts and can make tornados."
*419 Based on the entire record, including this and other evidence, we conclude a reasonable fact finder could form a firm belief or conviction that M.M. is mentally ill. A reasonable fact finder could also form a firm belief or conviction that as a result of that illness, confirmed by his recent overt acts and continuing pattern of behavior, there is a likelihood of serious harm to himself or others, and that he is in distress and deteriorating in his ability to function independently. Finally, a reasonable fact finder could form a firm belief or conviction that M.M. is not able to make a rational and informed decision regarding treatment. Thus, we conclude the evidence is factually sufficient to support the trial court's decision to commit M.M. to Green Oaks for a period not to exceed ninety days. We overrule M.M.'s sole issue.
Accordingly, we affirm the trial court's judgment.